IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 2:07-po-276-MEF |
| | ) |
| JIMMY T. WINDSOR, | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's *pro se* appeal from decision of a United States Magistrate Judge pursuant to 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(D). Because independent examination of the entire record reveals no arguable issues of merit, Windsor's conviction and sentence are due to be AFFIRMED.

## STANDARD OF REVIEW

A defendant who is convicted and sentenced by a Magistrate Judge is not entitled to a trial *de novo* by a district court. Fed. R. Crim. P. 58(g)(2)(D). "The scope of appeal shall be the same as an appeal from a judgment of a district court to a court of appeals." *Id*. "An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply ... as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h). "Accordingly, [a district court] should not reverse the decision of the Magistrate unless, after considering all of the evidence in the most favorable light to the government's case, this Court finds that the Magistrate (or any rational trier of fact) could not conclude beyond a reasonable doubt that the defendant was guilty." *United States v. Fattaleh*, 746 F. Supp. 599, 601 (D. Md. 1990).

## FACTUAL AND PROCEDURAL HISTORY

The evidence presented at the trial before the Magistrate Judge, when viewed in the light most favorable to the Government's case, established the following facts.[1] Lisa Gay O'Steen ("O'Steen") was camping at the White Oak Campground[2] in the Eufaula, Alabama area on Father's Day weekend in 2007.[3] When she checked in at the campground, she saw a sign posted that said burn ban, and the gatekeepers told her that there could be no campfires, no candles or anything of that nature. Terry Lee Potter, Sr. ("Potter"), a park attendant at the White Oak Campground also testified that there was a ban on open flames at the park on that weekend. Potter confirmed that the ban was posted on the gatehouse window at the entrance to the campground and in the bathroom and that they patrolled the campground to make sure that there were no fires.

Nevertheless, on Friday evening, Defendant-Appellant Jimmy T. Windsor ("Windsor") had a campfire in the site next to where O'Steen and her husband were camping. O'Steen's husband told the park attendant, Potter. Potter went to Windsor's campsite where he saw a fire. Potter told Windsor about the fire ban. Windsor said he would just let the fire burn out, but Potter insisted that it must be extinguished.

---

[1] The Government called three witnesses. Defendant-Appellant declined to testify and did not present any witnesses on his behalf. He did, however, take advantage of his opportunity to cross-examine each of the Government's witnesses. Defendant Appellant did argue facts not put into evidence by any of the witnesses who testified under oath.

[2] This campground is the property of the United States Government.

[3] In 2007, Father's Day fell on Sunday, June 17, 2007.

2

On Saturday night, O'Steen saw another fire on Windsor's campsite between ten and eleven at night. She took a photograph of the fire with her digital camera. On Sunday morning, O'Steen's husband complained to Potter that Windsor had a fire going on Saturday night. Potter looked at the photograph O'Steen had taken and then called the park rangers.

Ronald Allen Bertrand ("Bertrand"), a park ranger with the U.S. Army Corps of Engineers responded to Potter's call. Bertrand questioned O'Steen and her husband and they reported that Windsor had a fire on Friday night and on Saturday night. O'Steen showed Bertand the photograph on her digital camera which showed the time and date on which the photograph had been made. The date on the camera corroborated the O'Steens' account of a fire on Saturday night. Bertrand inspected Windsor's campsite and took some photographs. Eventually, Windsor returned and Bertrand told him that he was going to issue him a citation. Betrand asked Windsor to produce his driver's license. Windsor complied with this request. Bertrand wrote out a citation, but Windsor refused to sign it. The citation indicated that Windsor "had a fire after he was told that a ban on open flames was in effect, causing a safety hazard." The citation charged a violation of 36 C.F.R. § 327.12(c). The citation was for a $150.00 fine and a $25.00 processing fee.

After hearing the testimony of the witnesses, reviewing the exhibits, and entertaining argument of the issues, the Magistrate Judge found Windsor guilty as charged of the offense at the conclusion of the trial on November 6, 2007. On November 14, 2007, Windsor filed a notice of appeal. This Court required Windsor and the Government to submit briefs addressing the issues on appeal.

## DISCUSSION

Windsor was charged and convicted with violating 36 C.F.R. § 327.12(c) which provides that

> Any act or conduct by any person which interferes with, impedes or disrupts the use of the project or impairs the safety of any person is prohibited. Individuals who are boisterous, rowdy, disorderly, or otherwise disturb the peace on a project lands or waters may be requested to leave the project.

36 C.F.R. § 317.12(c). Windsor's appeal presents a variety of challenges to the sufficiency of the evidence on which he was convicted. It is well settled that appellate review for sufficiency of the evidence is narrow in scope. In its review, the Court views all evidence and reasonable inferences to be drawn therefrom, in addition to all credibility determinations, in the light most favorable to the verdict. *See, e.g., United States v. Hughes*, 542 F.2d 246, 248-49 (5th Cir. 1976).[4] *Accord, United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006) ("In determining whether the government produced sufficient evidence, [a court considering an appeal] must review the evidence in the light most favorable to the government and draw all reasonable factual inferences in favor of the [] verdict."; citation omitted). All that must be found is that a "reasonable fact-finder could have determined that the evidence proved" the defendant's guilt beyond a reasonable doubt. *United States v. Smith*, 459 F.3d 1276, 1286 (11th Cir. 2006) (citation omitted). When this standard is applied to the instant case, it is exceedingly clear that the evidence, when viewed in the light most favorable

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

to the verdict, would compel any reasonable fact-finder to determine that the evidence proved Windsor's guilty beyond a reasonable doubt.

Windsor's complaint that he was not given the option of a jury trial is not grounds for a new trial or acquittal. The maximum penalty for the offense with which he was charged was a fine of not more than $5,000 or imprisonment for not more than six months or both. *See* 36 C.F.R. § 327.25. Windsor was not given any sentence of imprisonment and the fine imposed in this case was $175.00, inclusive of costs. Petty offenses are not subject to the Sixth Amendment jury trial provision. *See, e.g., Blanton v. City of N. Las Vegas*, 489 U.S. 538, 541 (1989). In determining whether a particular offense should be categorized as "petty" for purposes of the jury trial right, courts are to consider the maximum penalty. *Id.* Offenses with maximum penalties of six months of imprisonment or less are presumptively petty offenses. *Id.* at 543-44. *Accord, United States v. Chavez*, 204 F.3d 1305, 1310-14 (11th Cir. 2000); *United States v. Unterburger,* 97 F.3d 1413, 1415 (11th Cir. 1996) (offense is not severe when it is punishable by six month maximum term of imprisonment and a maximum $10,000 fine or alternatively, by a five year probation term). Given that the maximum penalties for the offense charged in this case, Windsor had no right to a jury trial.

Windsor raises several issues which presumably go to the fairness of the process by which he was charged and allowed to prepare for trial. He complains that certain portions of the citation form were not completed or were altered. He complains that he was not able to obtain all evidence against him prior to trial by a Freedom of Information Act request. The Court has considered these complaints and finds in the circumstances of this case Windsor

had clear notice of the nature of the charges against him and sufficient opportunity to cross-examine witnesses against him. Accordingly, these arguments do not form a proper predicate on which to base his acquittal. Windsor's other arguments do not warrant further discussion.

## CONCLUSION

For the foregoing reasons, Defendant-Appellant Jimmy T. Windsor's conviction and sentence are AFFIRMED.

DONE this the 10th day of June, 2008.

                                                  /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE